EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis A. Pérez Ríos; Nelson Hernández Pérez; William Ramos Torres <br><br> Apelados <br><br> v. <br><br> Estado Libre Asociado de Puerto Rico; Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, por conducto del Secretario de Justicia, Honorable Domingo Emanuelli Hernández; Colegio de Técnicos de Refrigeración de Puerto Rico, por conducto de su presidente, Antonio Figueroa Rey <br><br> Apelantes | 2023 TSPR 127 <br><br> 213 DPR ___ |

Número del Caso: AC-2023-0001

Fecha: 12 de octubre de 2023

Tribunal de Apelaciones:

    Panel VI

Abogado de la parte apelante:

    Lcdo. Miguel A. Rosario Reyes

Oficina del Procurador General:

    Hon. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Fabiola Sosa Baco
    Procuradora General Auxiliar

Abogado de la parte apelada:

    Lcdo. Armando del Valle Muñoz

Materia: Derecho Constitucional – Inconstitucionalidad de la colegiación compulsoria estatuida en la Ley de la Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis A. Pérez Ríos; Nelson Hernández Pérez; William Ramos Torres<br><br>Apelados<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, por conducto del Secretario de Justicia, Honorable Domingo Emanuelli Hernández; Colegio de Técnicos de Refrigeración de Puerto Rico, por conducto de su presidente, Antonio Figueroa Rey<br><br>Apelantes | AC-2023-0001 |

La Jueza Asociada Señora Pabón Charneco emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 12 de octubre de 2023.

Tenemos nuevamente ante nuestra consideración una controversia sobre la constitucionalidad del requisito de colegiación compulsoria para ejercer una profesión en Puerto Rico. En esta ocasión, debemos determinar si la colegiación compulsoria de los técnicos de refrigeración y aire acondicionado es el medio menos oneroso que tiene el Estado para regular esta profesión. Por las razones que expondremos a continuación, **resolvemos en la negativa y decretamos la**

**inconstitucionalidad del requisito de colegiación compulsoria estatuido en la Ley Núm. 36 de 20 de mayo de 1970,** *infra.*

I

El 1 de marzo de 2021, los Sres. Luis Pérez Ríos, William Ramos Torres, Nelson Hernández Pérez y Eliezer Díaz[1] (en conjunto los apelados), técnicos de refrigeración licenciados, presentaron una Demanda sobre Sentencia Declaratoria contra el Estado Libre Asociado de Puerto Rico (Estado), la Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado (Junta Examinadora) y el Colegio de Técnicos de Refrigeración y Aire Acondicionado (Colegio de Técnicos o el apelante). En esta, impugnaron la validez del requisito de colegiación compulsoria para los técnicos de refrigeración y aire acondicionado en Puerto Rico que estableció la Ley Núm. 36 de 20 de mayo de 1970, según enmendada, conocida como *Ley de la Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado,* 20 LPRA sec. 2051 *et seq.* (Ley Núm. 36).

En particular, los apelados alegaron que el ejercicio válido de su profesión en nuestra jurisdicción está supeditado a la afiliación obligatoria al Colegio de Técnicos y al pago de aportaciones económicas a ese cuerpo, lo cual lesiona su derecho constitucional a la libre asociación. Asimismo, sostuvieron que existen alternativas

---

[1] El foro primario ordenó el desistimiento de la reclamación con respecto a estos últimos dos demandantes el 14 de junio de 2021 y el 11 de marzo de 2022, respectivamente. Véase, Apéndice de Apelación, págs. 68, 114.

menos onerosas que la colegiación compulsoria para adelantar el interés apremiante del Estado de regular la profesión. Consecuentemente, solicitaron que se decretara inconstitucional el requisito de colegiación compulsoria dentro de la Ley Núm. 36, *supra*.

Posteriormente, el Colegio de Técnicos presentó su Contestación a la Demanda. Arguyó que el Estado tiene un interés apremiante en regular el oficio de los técnicos de refrigeración y aire acondicionado para proteger a la ciudadanía y el medio ambiente de las sustancias tóxicas que contienen los refrigerantes. En ese sentido, añadió que la colegiación compulsoria era necesaria ya que provee el mecanismo adecuado para regular y garantizar el manejo responsable de estas sustancias. Acorde con ello, solicitó que se declarara No Ha Lugar la Demanda y se ordenara su archivo.

El 16 de marzo de 2022, el Colegio de Técnicos presentó una Moción de Sentencia Sumaria. Afirmó que, debido a que la única controversia entre las partes era si la colegiación compulsoria impuesta por la Ley Núm. 36, *supra*, era inconstitucional, el pleito debía adjudicarse por la vía sumaria. Además, reiteró que existía un interés apremiante del Estado en regular la práctica de la refrigeración, ya que el derecho a la salud y seguridad es asunto de trascendental importancia que justificaba la supresión del derecho individual a la libertad de asociación. Asimismo, argumentó que el Colegio de Técnicos es el brazo operacional

de la Junta Examinadora para mantener los más altos estándares de la profesión, que se cumplen con la colegiación compulsoria. Por último, indicó que, de eliminarse el requisito de colegiación compulsoria, se afectaría la labor de fiscalización de los técnicos de refrigeración, ya que la Junta Examinadora carece de fondos para realizar esa tarea. Por esta razón, razonó que la colegiación compulsoria era el medio menos oneroso para salvaguardar la salud ambiental y de los puertorriqueños.

Por su parte, los recurridos presentaron una Moción en Solicitud de Sentencia Sumaria y en Cumplimiento de Orden. Arguyeron que la imposición de la colegiación compulsoria en la Ley Núm. 36, *supra*, violentaba su derecho fundamental a la libre asociación. Asimismo, indicaron que el Estado no logró demostrar un interés apremiante que justificara la colegiación obligatoria de los técnicos de refrigeración y aire acondicionado para poder ejercer la profesión. De igual forma, sostuvieron que el Estado no demostró que la colegiación compulsoria era la medida menos restrictiva para alcanzar los objetivos que persigue la Ley Núm. 36, *supra*. Por último, insistieron que la incapacidad presupuestaria de la Junta Examinadora no justifica la violación al derecho a la libertad de asociación y solicitaron que se declarara inconstitucional el requisito de colegiación compulsoria en controversia.

El foro primario dictó Sentencia y concluyó que la colegiación compulsoria no es el medio menos oneroso para

que el Estado cumpliera con su interés apremiante de regular la profesión de los técnicos de refrigeración y aire acondicionado. Conforme a ello, declaró la inconstitucionalidad de la colegiación compulsoria de los técnicos de refrigeración y aire acondicionado por contravenir su derecho a la libre asociación.

Inconforme, el Colegio de Técnicos presentó una Moción de Reconsideración que fue declarada No Ha Lugar por el Tribunal de Primera Instancia. Insatisfecho, el apelante acudió ante el Tribunal de Apelaciones. Subsiguientemente, los recurridos presentaron su Alegato en Oposición a Apelación y el Estado presentó un Alegato.

El foro apelativo intermedio confirmó la Sentencia apelada. Expresó que la controversia sobre la constitucionalidad de la colegiación compulsoria es un asunto de derecho que se puede atender sin tener que realizar descubrimiento de prueba ni celebrar un juicio plenario. En específico, resolvió que existen medios menos onerosos que la colegiación compulsoria para proteger el interés del Estado en regular la práctica de la técnica de refrigeración y aire acondicionado y que el apelante no demostró que la colegiación compulsoria era la única manera de proteger a los profesionales y a la ciudadanía. A tales fines, añadió que el Colegio de Técnicos y la Junta Examinadora poseen otros mecanismos de fiscalización y tienen la facultad para regular la profesión más rigurosamente sin imponer la colegiación compulsoria. Por último, indicó que la alegación

sobre la limitación de fondos de la Junta Examinadora no es suficiente para coartar el derecho a la libre asociación.

En desacuerdo, el Colegio de Técnicos presentó una Apelación ante nos y expuso el señalamiento de error siguiente:

> COMETIÓ ERROR EL [TRIBUNAL DE APELACIONES] AL NO DEVOLVER EL CASO AL [TRIBUNAL DE PRIMERA INSTANCIA] PARA QUE SE PRESENTARA PRUEBA CONDUCENTE A CONCLUIR QUE EL ESTADO POSEE MEDIDAS MENOS ONEROSAS QUE LA COLEGIACIÓN COMPULSORIA PARA PROTEGER A LA CIUDADANÍA Y AL AMBIENTE DE LAS SUSTANCIAS NOCIVAS QUE SE UTILIZAN EN LA INDUSTRIA DE LA REFRIGERACIÓN.

Expedido el recurso y contando con la comparecencia de las partes, procedemos a resolver.

## II

### A.

La Constitución de Puerto Rico establece el derecho que tienen las personas a asociarse y organizarse libremente para cualquier fin lícito, salvo en organizaciones militares o cuasi militares. Art. II, Sec. 6, Const. PR, LPRA, Tomo 1, ed. 2016, pág. 299. En nuestra sociedad, el derecho a la libre asociación es fundamental y está directamente relacionado a la dignidad humana y la democracia. *Rodríguez Casillas et al. v. Colegio,* 202 DPR 428, 433 (2019). Además, hemos reconocido que este derecho necesariamente presupone el derecho de las personas a no asociarse. *Rivera Schatz v. ELA y C. Abo. PR II,* 191 DPR 791, 811-812 (2014). Asimismo, hemos destacado que este derecho es distinto y más amplio que el que se consagró en la Constitución de Estados Unidos. Íd., pág. 811.

La colegiación compulsoria de una clase profesional inevitablemente infringe el derecho a la libertad de asociación de los afectados. *Rodríguez Casillas et al. v. Colegio*, *supra*, pág. 448. En ese sentido, cuando el Estado interfiere con este derecho, deberá superar un escrutinio constitucional estricto. Íd., pág. 449. Entiéndase, se debe demostrar la existencia de un interés apremiante que haga **necesaria** la actuación del Estado. Íd. Esto es, que el Estado pruebe que no tenía a su alcance medidas menos onerosas para lograr el interés articulado. Íd. A tales fines, recordamos que, en este ejercicio, se presume que la medida impugnada es inconstitucional. *San Miguel Lorenzana v. ELA,* 134 DPR 405, 425 (1993).

Por otro lado, mediante el poder de razón del Estado (o *police power,* en inglés), la Asamblea Legislativa puede prohibir o reglamentar ciertas actividades con el propósito de fomentar o proteger la paz pública, moral, salud y bienestar general de la comunidad. *Rodríguez Casillas v. Colegio*, *supra*, págs. 339-340; *Domínguez Castro et al. v. ELA I,* 178 DPR 1, 36 (2010). En este ejercicio, la Asamblea Legislativa tiene la facultad de regular la práctica de las profesiones, con excepción de la jurídica, para proteger la salud y el bienestar público, evitar el fraude y la incompetencia. Íd., pág. 440*; Accurate Sols. v. Heritage Enviromental,* 193 DPR 423, 434 (2015). Sobre esto, hemos expresado que:

> El Estado puede establecer unos requisitos de conocimientos mínimos, capacidad, destreza,

entereza moral o cualquier otro que esté racionalmente relacionado con el objetivo de garantizar que los examinados posean la competencia para practicar la profesión en forma adecuada.

El Estado también puede prohibir la práctica de la profesión si no se ha obtenido antes una licencia, permiso o certificado de alguna entidad u oficial examinador. De este modo, **se ha delegado en las Juntas Examinadoras la tarea de corroborar que un ciudadano posea los conocimientos y las destrezas necesarias para ejercer determinada profesión. A estos organismos se les ha reconocido una extensa discreción "en la fijación de las normas y procedimientos que han de regir los procesos de admisión o certificación de personas al ejercicio" de profesiones u oficios.** (Negrilla suplida). (citas omitidas). *Marcano v. Departamento Estado*, 163 DPR 778, 786 (2005).

Sobre los beneficios de las Juntas Examinadoras, hemos

expresado que:

[...] las agencias gubernamentales se responsabilizan de asegurar que las personas encargadas de la salud y el bienestar públicos tengan el conocimiento y la competencia adecuados. Esto sólo puede lograrse definiendo las condiciones de admisión a las ocupaciones y la permanencia en las mismas.

En segundo lugar, la especialización intensa que caracteriza a nuestra compleja sociedad con frecuencia significa que el público podría no distinguir entre los profesionales competentes y no competentes, honestos y deshonestos. Por lo tanto, las agencias gubernamentales que se encargan de otorgar licencias cumplen una función vital al proteger a la gente del fraude y la deshonestidad.

En tercer lugar, al licenciar sólo personal competente y bien adiestrado, las agencias que otorgan licencias pueden proteger la vida y la propiedad.[...]

En cuarto lugar, las juntas 'le proveen al ciudadano promedio que cuenta con poco tiempo y dinero, una avenida administrativa rápida, sencilla y económica para resarcirse' de la negligencia profesional, la deshonestidad o la inmoralidad.

En quinto lugar, mediante las penalidades, impuestas por los diferentes estatutos —tales como

la revocación de la licencia— las agencias que otorgan licencias podrían obligar a los profesionales ya licenciados a mantener estándares altos en su profesión.

En sexto lugar, las juntas que otorgan licencias — compuestas por expertos—están capacitadas para mantenerse al día con los adelantos científicos y tecnológicos y asegurarse de que el estándar de servicios disponibles para las personas está en armonía con el progreso científico moderno". *Rodríguez Casillas v. Colegio, supra,* pág. 441, citando a: *Román v. Trib. Exam. de Médicos,* 116 DPR 71, 79 esc. 5 (1985).

**B.**

La Ley Núm. 36, *supra*, se creó con el propósito de regular la práctica de los técnicos de refrigeración y aire acondicionado en Puerto Rico. Entre sus disposiciones, creó la Junta Examinadora y autorizó la creación del Colegio de Técnicos. Con respecto a la Junta Examinadora, se le delegó los deberes y facultades siguientes:

> **(a) Autorizará el ejercicio del oficio de técnico de refrigeración y aire acondicionado en Puerto Rico, mediante la concesión de licencia a aquellas personas que reúnan los requisitos y condiciones que se fijan en esta ley;**
> (b) Llevará un registro oficial de las licencias expedidas y un libro de actas de las sesiones o reuniones que celebre;
> (c) Seleccionará un Presidente de entre sus miembros;
> (d) Adoptará un reglamento para su funcionamiento interno; el cual deberá ser aprobado dentro del término de un año de haber quedado constituida debidamente la Junta.
> **(e) Examinará a aquellas personas que soliciten licencia y cualifiquen para ello de acuerdo a lo dispuesto en el artículo 9;**
> (f) Investigará las violaciones a esta ley, a iniciativa propia, o por querella formulada ante dicho organismo por persona perjudicada o por un técnico de refrigeración y aire acondicionado debidamente licenciado;
> **(g) Cancelará permanente o provisionalmente la licencia por las razones que se consignan en esta ley,**

(h) Celebrará las reuniones y sesiones que sean necesarias para llevar a cabo sus funciones, previa convocatoria del Presidente.
(i) Realizará cualquier gestión y tendrá cualquier otra facultad, en adición a las consignadas, que sea necesaria para cumplir con las disposiciones de esta ley. Art. 7 de la Ley Núm. 36, 20 LPRA sec. 2057. (Negrilla suplida).

Sobre la expedición y renovación de la licencia, la Ley Núm. 36, *supra*, establece que las personas que soliciten renovación de la licencia deberán acreditar estar debidamente colegiados y que sus cuotas por este concepto estén al día. 20 LPRA sec. 2060. Por su parte, el Art. 11 faculta a la Junta a denegar la concesión de una licencia a cualquier persona que:

(1) Trate de obtener una licencia mediante fraude o engaño.
(2) No reúna los requisitos para obtener la licencia establecidos por esta ley.
(3) Haya sido declarada incapacitada mentalmente por un tribunal competente; o se estableciera ante la Junta mediante peritaje médico su incapacidad, disponiéndose que la licencia podrá otorgarse tan pronto la persona sea declarada nuevamente capacitada y si reúne los demás requisitos dispuestos por esta ley.
(4) Sea narcómano o alcohólico, disponiéndose que la licencia podrá otorgarse tan pronto esta persona pruebe estar capacitado y si reúne los demás requisitos dispuestos por esta ley. 20 LPRA sec. 2061.

Por su parte, el Art. 12, 20 LPRA sec. 2061, establece que la Junta podrá revocar temporal o permanentemente una licencia que haya expedido, previa notificación y audiencia, a cualquier persona que:

(a) Haya sido declarada incapacitada mentalmente por un tribunal competente; o se estableciera ante la Junta mediante peritaje médico su incapacidad; Disponiéndose que la misma puede restituirse tan pronto la persona sea declarada nuevamente

capacitada, y si reúne los demás requisitos dispuestos en esta ley.

(b) Sea narcómano o alcohólico, disponiéndose que la misma puede restituirse tan pronto esté capacitado y si reúne los requisitos dispuestos en esta ley.

**(c) Haya sido suspendido como miembro del Colegio por no pagar cuotas, disponiéndose que la Junta podrá restituirle la licencia al expirar el término decretado de suspensión y haberse pagado al Colegio la totalidad de las cuotas adeudadas al momento de decretarse por la Junta la suspensión de la licencia.**

(d) Haya sido convicto de delito grave o delito que implique depravación moral.

(e) Haya incurrido, a juicio de la Junta, en negligencia crasa en la práctica como técnico de refrigeración y aire acondicionado.

(f) Haya obtenido una licencia mediante fraude o engaño.

(g) Conducta inmoral en el ejercicio de su oficio. (Negrilla suplida).

En contraste, el estatuto dispone que el Colegio de Técnicos tendrá los deberes siguientes:

(a) Gestionar y contribuir al mejoramiento de las relaciones y lazos de compañerismo entre las personas dedicadas al ejercicio del oficio de técnico de refrigeración y aire acondicionado.

(b) Determinar y auspiciar medidas de protección para sus miembros y que, a su vez, protejan a la comunidad.

(c) Sostener una saludable y estricta moral en el ejercicio del oficio por los colegiados. Art. 22 de la Ley Núm. 36, 20 LPRA sec. 2073.

Asimismo, el Art. 23 de la Ley, 20 LPRA sec. 2073, dispone que el Colegio tendrá facultad para lo siguiente:

(a) Subsistir a perpetuidad bajo ese nombre, demandar y ser demandado, como persona jurídica.

(b) Poseer y usar un sello, que podrá alterar a su voluntad.

(c) Adquirir derechos y bienes, tanto muebles como inmuebles, por donación, legado, tributos entre sus propios miembros, compra o de otro modo; y poseerlos, hipotecarlos, arrendarlos y disponer de los mismos en cualquier forma.

(d) Nombrar los oficiales y funcionarios.

(e) Adoptar su reglamento, que será obligatorio para todos los miembros, y para enmendar aquél, en

la forma y bajo los requisitos que en el mismo se estatuyan.

(f) Adoptar e implantar los cánones de ética que regirán la conducta de sus miembros.

(g) Recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en el ejercicio del oficio, pudiendo remitirlas a la Junta de Gobierno para que actúen, y después de una vista preliminar, en la que se dará oportunidad al interesado, si encontrara causa fundada instituir la correspondiente querella ante la Junta. Nada de lo dispuesto en esta disposición se entenderá en el sentido de limitar o alterar la facultad de la Junta para iniciar por su propia cuenta estos procedimientos.

(h) Proteger a sus miembros en el ejercicio del oficio, y mediante la creación de montepíos, sistemas de seguro y fondos especiales, o en cualquier otra forma, socorrer a aquellos que se retiren por inhabilidad física o avanzada edad y a los herederos o a los beneficiarios de los que fallezcan.

(i) Ejercitar las facultades incidentales que fueren necesarias o convenientes a los fines de su creación y que no estuvieren en desacuerdo con esta ley.

Por último, la Ley faculta al Colegio de Técnicos para suspender a los miembros que hayan dejado de pagar su cuota de membresía si no logran pagar lo adeudado dentro de un término razonable. Art. 29 de la Ley Núm. 36, 20 LPRA sec. 2079. Asimismo, podrá notificar la suspensión a la Junta Examinadora para que se radique y tramite la querella correspondiente para la revocación de la licencia de técnico de refrigeración y aire acondicionado. Íd.

## III

Inicialmente, el Colegio de Técnicos arguyó que la colegiación compulsoria era necesaria ya que provee el mecanismo adecuado para regular y garantizar el manejo responsable de las sustancias nocivas que contienen los refrigerantes. En cambio, en la etapa apelativa ha sostenido

que el caso de autos debe devolverse al Tribunal de Primera Instancia para que se realice un descubrimiento de prueba que permita determinar si existe un medio menos oneroso que la colegiación compulsoria para adelantar el interés apremiante del Estado en regular la práctica de los técnicos de refrigeración y aire acondicionado. De manera similar, el Estado propone en su alegato que es imprescindible que este foro evalúe con un enfoque práctico factores de efectividad y viabilidad del medio menos oneroso para adelantar su interés apremiante. No les asiste la razón. Veamos.

En primer lugar, contrario a lo que aduce el apelante y el Estado, estamos ante una controversia de estricto derecho que no requiere el desfile de prueba ni la celebración de juicio para resolverse. Por ello, no hay impedimento para que se disponga de la causa de acción por la vía sumaria. Consecuentemente, los tribunales solo están llamados a aplicar correctamente la normativa legal de rigor para determinar si la colegiación compulsoria que estableció la Ley Núm. 36-1970, *supra*, supera un escrutinio estricto.

Nuestro análisis no requiere que auscultemos si el esquema regulatorio actual es efectivo y viable aun sin la colegiación compulsoria. En cambio, **lo que requiere el escrutinio estricto es que evaluemos si existe una medida menos onerosa que la colegiación compulsoria para adelantar el interés apremiante del Estado. Es decir, si bajo el esquema regulatorio actual, la colegiación compulsoria es**

**necesaria para adelantar el interés apremiante del Estado**, nada más.

Sin duda, el Estado ostenta un interés apremiante en regular las distintas profesiones y oficios que se ejercen en Puerto Rico y ha creado diversas leyes y reglamentos para ese fin. En lo que nos atañe, la Ley Núm. 36, *supra*, se creó con el propósito de reglamentar el ejercicio de la instalación y reparación de equipos de refrigeración y aire acondicionado en Puerto Rico. Además, creó la Junta Examinadora y proveyó para instituir el Colegio de Técnicos.

En particular, la Asamblea Legislativa expresó que la existencia y el uso de refrigerantes y aires acondicionados por la gran mayoría de la ciudadanía hace indispensable que tengamos técnicos con conocimiento adecuado para su instalación y reparación. Exposición de Motivos, Ley Núm. 36, *supra*. Además, expuso que la reglamentación del Estado de esta actividad es indispensable para proteger el interés público, y para que el público en general pueda procurar los servicios de personas debidamente cualificadas y licenciadas por el Estado a estos fines. Íd. Entiéndase, es mediante esta legislación que la Asamblea Legislativa estableció específicamente los deberes y funciones que tendrán los organismos que creó mediante el estatuto para hacer valer su interés de regular la profesión.

Entre los deberes y facultades de la Junta Examinadora, se destacan los siguientes: **autorizar el ejercicio de la técnica de refrigeración y aire acondicionado en Puerto Rico**

mediante la concesión de licencia a las personas que cumplan con los requisitos de la Ley; **examinar a las personas que soliciten licencia y cualifiquen para ello; investigar las violaciones a la Ley Núm. 36,** *supra*, **a iniciativa propia o por querella** que presente ante sí una persona perjudicada o un técnico licenciado; **cancelar permanente o provisionalmente la licencia** por las razones que consigna la Ley; **y realizar cualquier gestión y facultad, adicional a las consignadas, que sea necesaria para cumplir con las disposiciones de la Ley.** Art. 7 de la Ley Núm. 36, *supra*.

Conforme a lo anterior, queda de manifiesto que la Junta Examinadora es el organismo facultado para fiscalizar la técnica de refrigeración y aire acondicionado. Como expresamos, la Junta Examinadora concede la licencia para el ejercicio de este oficio, examina a las personas que solicitan la licencia, puede investigar las violaciones a la ley que regula el oficio, **y puede realizar cualquier gestión que sea necesaria para cumplir con su ley habilitadora.** El hecho de que el Colegio de Técnicos pueda adoptar los cánones de ética que rijan la conducta de sus miembros no es suficiente para conducirnos a validar que la obligatoriedad de su membresía es necesaria para la regulación del ejercicio de la técnica de refrigeración y aire acondicionado. De igual forma, tampoco lo es la facultad para recibir e investigar quejas que se formulen respecto a la conducta de sus miembros en el ejercicio del oficio ni sus otros deberes y facultades que no tienen relación con la regulación de la profesión.

En cuanto a esto último, nótese que, de encontrarse causa fundada, lo que procede según la Ley es presentar la querella correspondiente ante la Junta Examinadora. Art. 23 de la Ley Núm. 36, *supra.* Además, el mismo artículo destaca que esta facultad del Colegio de Técnicos no limita o altera la facultad de la Junta Examinadora para comenzar a iniciativa propia un procedimiento disciplinario. Es decir, queda aún más claro que **la Junta Examinadora es la entidad que regula el oficio que nos ocupa y** que, en ese sentido, **el Colegio de Técnicos funciona como un ente facilitador o auxiliar.**

De esta manera, queda patente que la colegiación obligatoria de los técnicos de refrigeración y aire acondicionado no supera el escrutinio constitucional estricto al que está sujeta por incidir sobre el derecho a la libre asociación de los técnicos de refrigeración y aire acondicionado. Recordemos que para validar la intromisión con un derecho fundamental como lo es el de libre asociación, el Estado debe demostrar un interés apremiante que la haga necesaria. *Rivera Schatz v. ELA y C. Abo. PR II*, *supra*, pág. 813. No albergamos duda de que el Estado puede regular el ejercicio de los técnicos de refrigeración y aire acondicionado mediante la Junta Examinadora, organismo que tiene las facultades en ley para ello y que no limita la libertad de asociación de los profesionales sujetos a su jurisdicción. Es esta entidad la que tiene el deber y facultad para mantener los más altos estándares de la

profesión; la apelada ni el Estado nos han puesto en posición de concluir lo contrario. Siendo ello así, resolvemos que la colegiación compulsoria que revisamos es inconstitucional ya que no es necesaria para adelantar el interés apremiante del Estado.

No obstante, lo que este Tribunal hoy resuelve no implica que el Colegio de Técnicos debe desaparecer, sino todo lo contrario. Como ya ha ocurrido respecto a otras profesiones y oficios cuya colegiación compulsoria se declaró inconstitucional, el Colegio de Técnicos podrá subsistir de manera que su membresía sea voluntaria y atraiga con sus servicios a los técnicos que quieran beneficiarse de estos.

**IV**

Por los fundamentos antes expuestos, se confirma la Sentencia del Tribunal de Apelaciones. En consecuencia, se decreta la inconstitucionalidad de la colegiación compulsoria instituida en la Ley Núm. 36 de 20 de mayo de 1970, 20 LPRA sec. 2051 *et seq.*

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis A. Pérez Ríos; Nelson Hernández Pérez; William Ramos Torres<br><br>Apelados<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Junta Examinadora de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, por conducto del Secretario de Justicia, Honorable Domingo Emanuelli Hernández; Colegio de Técnicos de Refrigeración de Puerto Rico, por conducto de su presidente, Antonio Figueroa Rey<br><br>Apelantes | AC-2023-0001 |

SENTENCIA

En San Juan, Puerto Rico, a 12 de octubre de 2023.

Por los fundamentos antes expuestos, se confirma la Sentencia del Tribunal de Apelaciones. En consecuencia, se decreta la inconstitucionalidad de la colegiación compulsoria instituida en la Ley Núm. 36 de 20 de mayo de 1970, 20 LPRA sec. 2051 *et seq.*

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García está conforme y emite las expresiones siguientes:

"Estoy conforme por los fundamentos que esbocé en mi *Opinión de Conformidad* en *Vélez Colón y otros v. Colegio de Optómetras de Puerto Rico y otros*, 2023 TSPR 79, 211 DPR __ (2023). Ante un esquema regulatorio en el cual el colegio profesional se limita a auxiliar la junta examinadora, sin

ostentar **funciones distintas y separadas** que igualmente contribuyan al adelantamiento del poderoso interés estatal, la colegiación compulsoria representa una imposición **innecesaria.** En estas circunstancias, la ausencia de funciones regulatorias asignadas al gremio confirma la evidente viabilidad de un esquema que prescinde de una afiliación compelida por fuerza de ley."

"El Juez Asociado señor Colón Pérez disiente del resultado al que hoy se llega y hace constar las siguientes expresiones:

El requisito de colegiación compulsoria, que se exige en nuestro País como condición para ejercer determinadas profesiones, es una medida de protección social. El mismo, a todas luces, puede cohabitar en nuestro ordenamiento jurídico con el derecho constitucional a la libre asociación. **Uno no cancela al otro.** Sobre el particular, véase nuestra Opinión de Conformidad en *Reyes Sorto y otros v. ELA y otros,* 2023 TSPR 62, 211 DPR_ (2023) y nuestra Opinión Disidente en *Delucca Jiménez v. Colegio de Médicos Cirujanos de Puerto Rico y otros,* 2023 TSPR 119.

Al una mayoría de este Tribunal sentenciar lo contrario, decretando la inconstitucionalidad de la Ley Núm. 36 de 20 de mayo de 1970, 20 LPRA sec. 2051 *et seq.,* esta vez en lo relacionado al requisito de colegiación compulsoria de las y los técnicos de refrigeración y aire acondicionado como condición para ejercer la referida profesión en nuestra jurisdicción, disentimos con el resultado al que se llega en el día de hoy.".

El Juez Asociado señor Estrella Martínez disiente sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo